FILED'08 NOV 10 09:38usdc-orp

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID GOUDIE and SEAN FARMEN
individually and on behalf of others
similarly situated,

                Plaintiffs,

v.

CABLE COMMUNICATIONS,
INCORPORATED, incorporated in the
State of Nevada,

                Defendant.

Civ. No. 08-507-AC

OPINION AND
ORDER

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiffs David Goudie and Sean Farmen ("Plaintiffs") filed a Motion for Equitable Tolling on October 22, 2008. In the motion, Plaintiffs argue that the court should toll the statute of limitations for opt-in plaintiffs who wish to join the collective action filed by Plaintiffs and

conditionally certified by this court. Plaintiffs claim that procedural delays and Defendant Cable Communications, Incorporated's ("CCI") refusal to produce a list of potential class members have unfairly delayed notice to potential plaintiffs and, thus, the statute of limitations should be equitably tolled.

*Factual Background*

This action was originally filed in state court, specifically in Multnomah County Circuit Court, Case No. 0704-03964. The parties stipulated to its dismissal on March 31, 2008. (Baker Declaration ("Decl.") Exhibit ("Ex.") 1.) Approximately four months earlier, counsel for Plaintiffs sent an email to counsel for CCI, stating that Plaintiffs were "currently preparing . . . class certification motions," referring to the state court action. (Baker Decl. Ex. 2.) The email also noted that "[w]e are approaching the one year mark, and the court will begin to review any request for set over more closely." *Id.*

Approximately two months after the action's dismissal in state court, Plaintiffs filed this action in federal court, on April 20, 2008. On June 17, 2008, Plaintiffs filed a motion to conditionally certify a collective action under the Fair Labor Standards Act ("FLSA"). Oral argument on this motion was originally set for July 14, 2008, but was reset for August 11, 2008. At oral argument, the court ordered CCI to submit a proposed form of notice by August 18, 2008. The court issued its findings and recommendation ("F&R") on August 20, 2008, and recommended that the class be conditionally certified. On September 4, 2008, the court deferred its ruling on the proposed form of notice and opt-in, as well as the final order authorizing notice, until a district judge ruled on the F&R. The F&R was referred to District Judge Anna Brown on September 18, 2008. Judge Brown adopted the court's F&R on October 16, 2008.

Plaintiffs assert that, following Judge Brown's October 16, 2008, ruling, they requested a copy of the class list from CCI. CCI responded in letter form, stating that "[o]nce the Judge actually issues a final order authorizing notice, CCI will comply with the terms of that order." (Powelson Decl. Ex. 1 at 1.) On October 22, 2008, Plaintiffs filed this motion for equitable tolling.

*Legal Standards*

In general, "[e]quitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant or when extraordinary circumstances beyond a plaintiff's control made it impossible to file a claim on time." *Veliz v. Cintas Corp.*, 2007 U.S. Dist. LEXIS 24428, at *14 (N.D. Cal. Mar. 20, 2007) (citing *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999); *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996), *cert. denied*, 522 U.S. 814 (1997)). The doctrine "is extended sparingly and only where claimants exercise diligence in preserving their legal rights." *Adams v. Inter-Con Security Systems, Inc.*, 242 F.R.D. 530, 542-543 (N.D. Cal. Apr. 11, 2007) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Under the FLSA, the statute of limitations for filing a claim is two years, or three years if the violation was "willful." 29 U.S.C. § 255(a) (2008). Furthermore, an action under the FLSA:

> shall be considered to be commenced in the case of any individual claimant –
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
> (b) if such written consent was not so filed or if his name did not so appear –
> on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256 (2008). The basic thrust of this statutory section is that a potential plaintiff must submit his or her consent to become a party plaintiff within two or three years of an alleged FLSA violation.

The Ninth Circuit recognized equitable tolling of the statute of limitations for collective actions under the FLSA in *Partlow v. Jewish Orphans' Home of Southern California, Inc.*, 645 F.2d 757, 761 (9th Cir. 1981). In *Partlow*, plaintiffs' counsel sent notices to potential plaintiffs prior to being authorized to do so by the court. Sixty-nine potential plaintiffs responded with what they believed were valid consents. Rather than disqualify the affected plaintiffs, "[t]he district court ordered the statute tolled for forty-five days," to allow these potential plaintiffs an opportunity to file valid consents. *Id.* at 760. On appeal, the court reasoned that the late filing was not the fault of plaintiffs, or due to defendant's wrongful condcut, but rather was due to the misconduct of counsel for the named plaintiffs. The court reasoned that because the sixty-nine respondents were not at fault, refusal to toll the statute of limitations would permanently bar their claims, and the premature notices were sent out in good faith, it was necessary to equitably toll the statute of limitations. The court concluded: "We find that the FLSA does not bar the district court-imposed suspension of the statute of limitations and that such tolling is supported by substantial policy reasons. The statute should be tolled under the facts present in this case." *Id.* at 761.

Plaintiffs cite *Adams v. Inter-Con Security Sys., Inc.*, 242 F.R.D. 530 (N.D. Cal. Apr. 11, 2007), for the proposition that a defendant's delay may justify equitable tolling. In *Adams*, the plaintiffs argued that equitable tolling was appropriate "due to defendant's refusal to supply potential plaintiffs' contact information to the named plaintiffs." 242 F.R.D. at 543. The court agreed, noting both that plaintiffs were not at fault and defendant's refusal was wrongful: "Because plaintiffs have diligently pursued their legal rights by soliciting information from defendants, and defendant's refusal has delayed that pursuit, equitable tolling is appropriate." *Id.*

The *Adams* result is an anomaly, however, because the FLSA "does not require Defendants

to provide contact information for potential plaintiffs until *after* the court certifies the collective action." *Prentice v. Fund for Pub. Interest Research, Inc.*, 2007 U.S. Dist. LEXIS 71122, at *9-10 (N.D. Cal. Sept. 18, 2007) (emphasis in original). In *Prentice*, the court explicitly declined to adopt the approach taken in *Adams* and concluded that a refusal to produce contact information prior to conditional certification did not warrant equitable tolling. "If refusal to disclose contact information is sufficient basis to grant equitable tolling, either the FLSA statute of limitations is meaningless or the Courts are reading a disclosure requirement into the FLSA where the statute does not contain such a requirement." *Id.* at *10. This court agrees that the FLSA contains no requirement that a defendant produce contact information for potential plaintiffs prior to conditional certification. Thus, Plaintiffs' reliance on *Adams* is unavailing.

Under the present facts, the court observes the following. CCI is not required to produce the contact list until the court issues its final order authorizing notice. Both parties have submitted proposed orders. Plaintiffs' order reads, in part: "Defendant shall produce names, addresses, telephone numbers and e-mail addresses of all potential members to the collective action to Plaintiffs within 10 calendar days of the date of this Order." (Plaintiff's Proposed Order (#38) Ex. D.) As CCI points out, as of August 25, 2008, Plaintiffs understood as the proper procedure that CCI would provide the list of names after the court issued its final order authorizing notice. The court concludes that CCI's refusal to provide the list prior to issuance of the court's final order authorizing notice was not improper and, therefore, equitable tolling is not justified by defendant's alleged "wrongful conduct."

As for any delays arising in the prosecution of this lawsuit, procedural delays typically do not justify equitable tolling. In *Cranney v. Carriage Services*, 559 F. Supp. 2d 1106 (D. Nev. Mar. 20,

OPINION & ORDER                              5                                    {KPR}

2008), the plaintiffs argued that the statute of limitations should be tolled for forty-five days, which was equivalent to the forty-five day extension the court granted defendant to file its answer. The court disagreed, characterizing the extension as modest. "A modest extension of time simply does not constitute 'wrongful conduct' such that plaintiffs are entitled to a corresponding equitable tolling of the statute of limitations." *Id.* at 12. Similarly, the extension did not amount to "extraordinary circumstances beyond plaintiffs' control [making] it impossible to file the claims on time." *Id.* (citing *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1140 (D. Nev. Mar. 20, 1999)). As CCI has pointed out, the normal course of litigation is time consuming. There is nothing out of the ordinary, much less extraordinary, that has happened in this case that would justify equitably tolling the statute of limitations, especially considering that Plaintiffs spent almost a full year litigating this matter in state court before filing their case in this court.

*Conclusion*

For the reasons set forth above, Plaintiffs' Motion for Equitable Tolling is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 7th day of November, 2008.

JOHN V. ACOSTA
United States Magistrate Judge

OPINION & ORDER            6            {KPR}