FILED'09 JAN 12 08:38USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

DAVID GOUDIE and SEAN FARMEN,
individually and on behalf of all others
similarly situated,

                        Plaintiffs,

        v.

CABLE COMMUNICATIONS,
INCORPORATED, incorporated in the
State of Nevada,

                        Defendant.

CV. No. 08-507-AC

ORDER OF DISMISSAL

---

ACOSTA, Magistrate Judge:

The parties have filed a stipulated motion to dismiss this action. The motion stems from the confidential settlement of plaintiffs David Goudie's and Sean Farmen's ("Plaintiffs") individual claims under the Fair Labor Standards Act ("FLSA") and related state law claims. The parties

OPINION & ORDER                    1                    {JVA}

submitted to the court for *in camera* review the confidential settlement document and they ask the court to approve that settlement. They also move for entry of judgment of dismissal of this action, dismissing with prejudice the Plaintiffs' individual claims against Defendant and dismissing without prejudice the alleged 29 U.S.C. § 216(b) FLSA and FRCP 23 putative class claims under Oregon wage and hour law.

The FLSA's purpose is to protect workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 739 (1981). An individual may not relinquish rights under the Act, even by private agreement, because this "would nullify the purposes of the Act." *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945). There are only two ways by which FLSA back wages claims may be settled by employees. One method requires the Secretary of Labor to supervise payment to employees of unpaid wages owed to them. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982). An employee who accepts such a supervised payment thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages. *Id.* at 1354. Under the other method, an employee who brings a private action for back wages under the FLSA may "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*, citing, *inter alia*, *Schulte, Inc., Gangi*, 328 U.S. 108, 113 n.8 (1946). *See also Yue Zhou v. Wang's Rest.*, 2007 U.S. Dist. LEXIS 60683 at *1 (N.D. Cal. Aug. 8, 2007).

In reviewing a private FLSA settlement, the court's obligation is not to act as caretaker but as gatekeeper; it must ensure that private FLSA settlements are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes. Thus, "[i]n reviewing the

OPINION & ORDER                    2                    {JVA}

fairness of such a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute." *Yue Zhou*, 2007 U.S. Dist. LEXIS60683 at *1. "If a settlement in an employee FLSA suit . . . reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is permitted to approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F. 2d at 1354.

Upon review of the confidential settlement document, consideration of the information regarding the basis for the parties' settlement presented to the court during a conference regarding the settlement, and in light of the facts and circumstances contained in the record, the court determines that the terms of the settlement of this litigation are fair and reflect a reasonable compromise of Plaintiffs' FLSA claim. The amounts to be paid each plaintiff to resolve their individual claims is a reasonable amount considering allegations of unpaid wages and overtime. Furthermore, the agreement that resulted in the settlement of Plaintiffs' claims is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and the settlement, taken as a whole, is fair, reasonable, and adequate. *See, e.g., Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 625 (9th Cir. 1982), *cert denied*, 459 U.S. 1217 (1983) (proposed settlement to be evaluated by the "universally applied standard" of whether it is "fundamentally fair, adequate and reasonable"). Finally, in approving the parties' settlement agreement, the court balanced relevant factors, including the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the extent to which the parties had completed discovery and litigated discovery issues; the stage of the proceedings; the case's procedural posture, the availability of remedies to other employees; and the experience and views of counsel. *See, e.g., Officers for Justice v. Civil*

*Service Commission,* 688 F. 2d at 625.  Therefore, the Court approves the settlement.

Accordingly, the court:

1.  Dismisses with prejudice Plaintiffs' individual claims against Defendant and without costs or fees to any party; and

2. Dismisses without prejudice the allegations brought under 29 U.S.C. §216(b) of the FLSA and under Oregon Rule of Civil Procedure 23, without costs or fees to any party.

IT IS SO ORDERED.

Dated this 9th day of January, 2009.

JOHN V. ACOSTA

United States Magistrate Judge

OPINION & ORDER                              4                              {JVA}